UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL DORAN, et al.,

                              Plaintiffs,          05-CV-0364A(Sr)

v.

NICHOLAS P. MAGALHAES, et al.,

                              Defendants.

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

Currently before the Court is plaintiffs' motion for partial summary judgment (Dkt. #98) on plaintiffs' eighth cause of action against defendants North Fork Bancorporation, Inc. and North Fork Bank.[1] Plaintiffs' eighth cause of action is for

---

[1] It is undisputed that defendant North Fork Bancorporation, Inc. is the parent company of defendant North Fork Bank. (Dkt. ## 62 and 63). In their motion for partial summary judgment (Dkt. #98), plaintiffs define "North Fork Bank" to mean both North Fork Bancorporation, Inc. and North Fork Bank, however, during oral argument on plaintiffs' motion, counsel for defendants North Fork Bancorporation, Inc. and North Fork Bank sought to clarify that plaintiffs' motion for partial summary judgment related only to North Fork Bank and not North Fork Bancorporation, Inc. In response, counsel for plaintiffs stated, in part, "that issue has come up, all I know is the signatory of the trust agreement is North Fork Bank." Accordingly, based upon the representations made by counsel for the parties during the October 18, 2007 oral argument, as well as the absence of any evidence or even request by plaintiffs for a separate order with respect to North Fork Bancorporation, Inc., this Court will treat plaintiffs' motion for partial summary judgment as a motion for relief only against North Fork Bank.

breach of contract and by their motion, plaintiffs seek judgment as a matter of law on the issue of liability only.[2] For the following reasons, it is recommended that plaintiffs' motion for partial summary judgment on the issue of liability for breach of contract only be granted as against North Fork Bank.

## **FACTUAL BACKGROUND**

Plaintiffs Michael H. Doran ("Michael Doran") and Christopher M. Murphy ("Murphy") are attorneys who practice in Buffalo, New York as plaintiff Michael H. Doran & Associates, P.C.  Dkt. #98-6, ¶ 3; Dkt. #102; ¶ 3.  Plaintiff Thomas A. Doran ("Thomas Doran") is an employee of the Firm.  *Id*.  Plaintiff Michael H. Doran & Associates, P.C. ("Firm") is the successor in interest to the entity known as "Michael H. Doran, Attorney At Law."  Dkt. #62, ¶ 3.

On or about November 13, 1996, Michael Doran as owner of "Michael H. Doran, Attorney At Law" executed the Mid Atlantic Association of Legal Professionals Voluntary Employees Beneficiary Association Plan Adoption Agreement ("Adoption Agreement").  Dkt. #98-3, Exhibit D; Dkt. #98-6, ¶ 4; Dkt. #102, ¶ 4.  In so doing, "Michael H. Doran, Attorney At Law" adopted and became a member of the Mid Atlantic Association Voluntary Employee' [sic] Beneficiary Association Plan ("VEBA Plan"), known as the "Michael H. Doran, Attorney At Law Employee Benefit Plan."  Dkt. #98-3,

---

[2] During oral argument, counsel for plaintiffs admitted that the instant motion seeks only a determination that defendant North Fork Bank breached the contract and that plaintiffs are not, at this juncture, asking this Court to render a decision as to the consequences of that breach or to assess damages.

Exhibit C; Dkt. #98-6, ¶ 4; Dkt. #102, ¶ 4.  According to the terms of the Adoption Agreement, "Michael H. Doran, Attorney At Law" was to serve as the Plan Administrator.  Dkt. #98-3, Exhibit D.  Notwithstanding the foregoing, defendant North Fork Bank maintains that defendant Asset Accumulation, Inc. ("Asset Accumulation") operated as the *"de facto"* Plan Administrator.  Dkt. #101, ¶ 4.  At the time "Michael H. Doran, Attorney At Law" entered into the Adoption Agreement, it became part of the existing Mid Atlantic Association of Legal Professionals Voluntary Employees' Beneficiary Association Trust with North Fork Bank ("Trust").[3]  Dkt. #98-4, Exhibit E; Dkt. #98-6, ¶ 6; Dkt. #102, ¶ 6.  Pursuant to the terms of the agreement establishing the Trust ("Trust Agreement"), North Fork Bank was the trustee of the Trust.  Dkt. #98-4, Exhibit E; Dkt. #98-6, ¶ 6; Dkt. #102, ¶ 6.

According to plaintiffs, North Fork Bank continued to serve as trustee until in or about Spring 2001, at which time it informed defendant Nicholas P. Magalhaes, who was doing business through Asset Accumulation, that it was resigning as trustee.  Dkt. #98-6, ¶ 14.  Plaintiffs further assert that North Fork Bank never informed the Firm, Michael Doran, Murphy or Thomas Doran of its decision to resign.  *Id*.  Conversely, North Fork Bank maintains that in light of the nature of the relationship between North Fork Bank and Asset Accumulation, *to wit*, Asset Accumulation's assumption of the duties and responsibilities as *de facto* Plan Administrator, North Fork Bank's notice to

---

[3] The Trust Agreement is dated September 21, 1995 and was in existence prior to and therefore, predates the Adoption Agreement entered into by "Michael H. Doran, Attorney At Law" on or about November 13, 1996.  *See* Dkt. #98-3, Exhibit D; Dkt. #98-4, Exhibit E.

Asset Accumulation, as the *de facto* Plan Administrator and plaintiffs' agent, of its intention to resign as trustee was sufficient.  Dkt. #101, ¶ 8.  In the alternative, North Fork Bank asserts that "a triable issue of fact exists as to whether the advice by North Fork Bank to Assert [sic] Accumulation of its resignation as Trustee was also to the firm, Michael Doran, Murphy and Thomas Doran."  Dkt. #102, ¶ 14.  The Trust Agreement in section 6.1 provides that the "Trustee may resign at any time by giving 30 days' notice in writing to the Adopting Employers."  Dkt. #98-4, Exhibit E, Article VI, Section 6.1; Dkt. #98-6, ¶ 15; Dkt. #102, ¶ 15.

The parties do not dispute that Karen Hubbard, a North Fork Bank employee, received a letter dated April 10, 2001 from Asset Accumulation stating, in part, "[t]he Michael H. Doran & Assoc. VEBA is to be transferred to Mid States Benefits Corp."  Dkt. #98-5, Exhibit J; Dkt. #98-6, ¶ 18; Dkt. #102, ¶ 18.  Transfer of Ownership forms were included with the letter.  *Id*.  It is equally undisputed that Karen Hubbard signed the Transfer of Ownership Forms on behalf of North Fork Bank.  *Id*.  Defendant North Fork Bank insists, however, that a triable issue of fact exists as to the sequence of events, specifically, the provision of the transfer of ownership forms, the instruction to transfer policies and the resignation of North Fork Bank.  Dkt. #102, ¶ 17.  Plaintiffs assert that Karen Hubbard never notified the Firm, Michael Doran, Murphy or Thomas Doran of the transfer of ownership of the policies.  Dkt. #98-6, ¶ 19.  Although North Fork Bank does not dispute that Hubbard never notified the Firm, Michael Doran, Murphy or Thomas Doran of the transfer of ownership, North Fork Bank maintains that an issue of fact exists with respect to whether advice by North Fork Bank to Asset

Accumulation of its resignation also constituted notice to the Firm, Michael Doran, Murphy and Thomas Doran.  Dkt. #102, ¶ 19.  On or about September 17, 2001, Karen Hubbard, on behalf of North Fork Bank, wrote a letter to Asset Accumulation advising it that "North Fork Bank has resigned as trustee for the Mid Atlantic Association VEBA Trust dated 9/12/95 effective May 3, 2001."  Dkt. #102, p.16.

## DISCUSSION AND ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party, and must give extra latitude to a *pro se* plaintiff."  *Thomas v. Irvin*, 981 F. Supp. 794, 798 (W.D.N.Y. 1997) (internal citations omitted).

A fact is "material" only if it has some effect on the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Catanzaro v. Weiden*, 140 F.3d 91, 93 (2d Cir. 1998).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *see Bryant v. Maffucci*, 923 F.2d 979 (2d Cir.), *cert. denied*, 502 U.S. 849 (1991).

Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a 'metaphysical doubt' concerning the facts, or on the basis of conjecture or surmise." *Bryant*, 923 F.2d at 982 (internal citations omitted). A party seeking to defeat a motion for summary judgment,

> must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, that there are specific factual issues that can only be resolved at trial.

*Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).

A court may construe a contract and grant summary judgment when the contractual language is plain and unambiguous. *Zurich Am. Ins. Co. v. ABM Indus., Inc.*, 397 F.3d 158, 164 (2d Cir. 2005). "Contract terms are not ambiguous if they have a definite and precise meaning and are not reasonably susceptible to differing interpretations." *RJE Corp. v. Northville Indus. Corp.*, 329 F.3d 310, 314 (2d Cir. 2003). Conversely, "[a]mbiguity exists when a contract is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Id.* (internal quotation omitted).

It is undisputed that on or about November 13, 1996, Michael Doran as owner of "Michael H. Doran, Attorney At Law" executed the Mid Atlantic Association of Legal Professionals Voluntary Employees Beneficiary Association Plan Adoption Agreement ("Adoption Agreement").  Dkt. #98-3, Exhibit D; Dkt. #98-6, ¶ 4; Dkt.# 102, ¶ 4.  By reason of the execution of the Adoption Agreement, "Michael H. Doran, Attorney At Law" adopted and became a member of the Mid Atlantic Association Voluntary Employees' Beneficiary Association Plan.  Dkt. #98-3, Exhibit C; Dkt. #98-6, ¶ 4; Dkt. #102, ¶ 4.  At the time "Michael H. Doran, Attorney At Law" entered into the Adoption Agreement, it became part of the existing Mid Atlantic Association of Legal Professionals Voluntary Employees' Beneficiary Association Trust with North Fork Bank ("Trust").  Dkt. #98-4, Exhibit E, Dkt. #98-6, ¶ 6; Dkt. #102, ¶ 6.  Pursuant to the terms of the agreement establishing the Trust ("Trust Agreement"), North Fork Bank was the trustee of the Trust.  Dkt. #98-4, Exhibit E; Dkt. #98-6, ¶ 6; Dkt. #102, ¶ 6.  The Trust Agreement is between North Fork Bank as Trustee and "Adopting Employers," here "Michael H. Doran, Attorney At Law."  Dkt. #98-4, Exhibit E.

The language of the Trust Agreement is plain and unambiguous.  Section 6.1 of the Trust Agreement provides: "**Resignation.**  The Trustee may resign at any time by giving 30 days' notice in writing to the Adopting Employers."  Dkt. #98-4, Exhibit E.  North Fork Bank served as trustee of the Trust until some time in 2001.  Dkt. #98-6, ¶ 14.  The parties do not dispute that Karen Hubbard, a North Fork Bank employee, received a letter dated April 10, 2001 from Asset Accumulation stating, in part, "[t]he Michael H. Doran & Assoc. VEBA is to be transferred to Mid States benefits Corp."  Dkt.

#98-5, Exhibit J; Dkt. #98-6, ¶ 18; Dkt. #102, ¶ 18.  Transfer of Ownership forms were included with the letter.  *Id*.  It is equally undisputed that Karen Hubbard signed the Transfer of Ownership forms on behalf of North Fork Bank.  *Id*.  Neither Karen Hubbard nor anyone else at North Fork Bank ever notified the Firm, Michael Doran, Murphy or Thomas Doran of the transfer of ownership.  Dkt. #98-6, ¶ 19; Dkt. #102, ¶ 19.  By letter dated September 17, 2001, Karen Hubbard, on behalf of North Fork Bank, advised Asset Accumulation that "North Fork Bank has resigned as trustee for the Mid Atlantic Association in VEBA Trust dated 9/21/95 effective May 3, 2001."  Dkt. #102, p.16.

As noted above, North Fork Bank insists that a material issue of fact exists with respect to whether advice by North Fork Bank to Asset Accumulation of its resignation also constituted notice to the Firm, Michael Doran, Murphy and Thomas Doran on the theory that Asset Accumulation was acting as the *de facto* Plan Administrator.  Dkt. #102, ¶ 19.  As the plain, unambiguous language of the Trust Agreement provides, the trustee may resign provided 30 days' written notice is given to the <u>Adopting Employer</u>.  (Emphasis added).  Notably, the language in the Trust Agreement does not provide for notice to be given to the Plan Administrator, or that notice to the *de facto* Plan Administrator is sufficient as North Fork Bank contends.  The notice required by the Trust Agreement is to the Adopting Employer, "Michael H. Doran, Attorney At Law."  As a result, North Fork Bank's assertion that there is a material issue of fact on the question of whether its notice to Asset Accumulation constituted notice to the plaintiffs is without legal merit.  Similarly, North Fork Bank's contention that an issue of fact exists as to the temporal sequence regarding the transfer of ownership forms,

the instruction to transfer policies and the resignation of North Fork Bank as trustee, is also without legal merit since those events do not change the requirement that notice be given to the Adopting Employer.

Thus, for the foregoing reasons, as to the limited issue presented on plaintiffs' motion for partial summary judgment, *to wit*, whether North Fork Bank breached the Trust Agreement by its failure to provide the Adopting Employer, "Michael H. Doran, Attorney At Law" with 30 days' written notice of its resignation, this Court recommends that summary judgment be granted.  The consequences of that breach and what damages, if any, that were sustained by reason of that breach remain to be determined at a later date.

## CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that plaintiffs' motion (Dkt. #98), for partial summary judgment on plaintiffs' eighth cause of action pursuant to Fed.R.Civ.P. 56(b) be **GRANTED**.

Accordingly, pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report,</u>

<u>Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Order and a copy of the Report and Recommendation to counsel for the parties.

**SO ORDERED.**

DATED:	Buffalo, New York
	February 19, 2009

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
